UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AVA ANDERSEN,              ) | |
|                            ) | |
|     Plaintiff,        ) | |
|                            ) | CIVIL ACTION NO. |
| VS.                        ) | |
|                            ) | 3:10-CV-0678-G |
| BRISTOL-MYERS SQUIBB COMPANY, ) | |
|                            ) | **ECF** |
|     Defendant.        ) | |

## MEMORANDUM OPINION AND ORDER

This court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).

In her original complaint, the plaintiff failed to allege, as required by F.R. Civ. P. 8(a), any basis for subject matter jurisdiction. This court accordingly directed her to file an amended complaint to cure this deficiency.

In her first amended complaint, filed May 7, 2010, the plaintiff alleges that the court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's First Amended Complaint ¶ 2.01. She alleges that the defendant Bristol-Myers Squibb

Company is a Delaware corporation with its principal place of business in New York, *id*. ¶ 3.02, and that she "is an individual and a resident of Fort Worth, Tarrant County, Texas." *Id*. ¶ 3.01.

"It is established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Company*, 742 F.2d 888, 889 (5th Cir. 1984).  The plaintiff having failed to cure her omission to properly invoke the subject matter jurisdiction of this court, this case is **DISMISSED** without prejudice.

**SO ORDERED**.

May 11, 2010.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**